UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHERYL ENGEL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-430 JTM |
| | ) | |
| TOWN OF ROSELAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On May 31, 2007, Plaintiffs Cheryl Engel, *et al.*, (collectively "Engel") filed a motion to compel. For the following reasons, Engel's motion is **GRANTED**.

**I.   BACKGROUND**

On April 10, 2007, Engel filed a motion to compel because Defendants David and Dorothy Snyder (collectively "the Snyders") had failed to comply with Engel's outstanding requests for production. On May 3, 2007, this Court held a hearing and denied Engel's motion as moot at the representation of the Snyders' counsel that the Snyders would comply with Engel's requests for production. However, and not surprisingly, things did not go as planned.

On May 21, 2007, the Snyders failed to provide Engel with any documents and responded to all of Engel's requests for production with the same answer, "[t]he Defendant is not in possession of such documents." Engel's requests for production include the following items: state and federal tax returns; copies of deeds, sales, or contracts for land purchases; various title work; addresses of property owned; and bank statements. Engel believes that the Snyders' responses are insufficient, and as a result, filed a second motion to compel production on May 31, 2007. Engel also requests that this Court impose sanctions and award her costs. On June 18,

2007, the Snyders filed a response in opposition to this motion, and Engel filed her reply in support of her motion on June 20, 2007. The Snyders also filed a sur-reply, after seeking leave of court, which they filed on July 2, 2007.[1] This Court may rule on Engel's motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II.  LEGAL ANALYSIS

### A.  Engel's Motion to Compel

Fed. R. Civ. P. 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)). This Court has broad discretion when deciding whether to compel discovery and may deny discovery to protect a party from oppression or undue burden. Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); Gile v. United Airlines, Inc., 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel.").

---

[1] While the Snyders filed a motion for leave to file a sur-reply, they actually filed their sur-reply prior to receiving permission to do so from this Court. While this Court ultimately granted the Snyders their opportunity to file a sur-reply, they are cautioned to not make premature filings in the future.

While Fed. R. Civ. P. 26 defines the scope of discovery, Fed. R. Civ. P. 34 provides one of the mechanisms for obtaining discovery.  Under Fed. R. Civ. P. 34(a),

> [a]ny party may serve on any other party a request . . . to produce . . . tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served.

The parties do not dispute that the discovery Engel seeks is relevant to the current litigation.  The Snyders only argue that they simply do not have the discovery Engel seeks in their possession.

While the Snyders claim they do not "possess," in hand, any of the documents Engel requests, that does not mean the Snyders are not in "control" of the documents.  See Bifferato v. States Marine Corp., 11 F.R.D. 44, 46 (D.C.N.Y. 1951) ("The true test is control and not possession.").  A party does not have to actually posses the requested documents to be in control of them.  See In re Folding Antitrust Litigation, 76 F.R.D. 420, 423 (D.C. Ill. 1977).  The test is whether the party has a legal right to control or obtain the documents.  Id.; see also 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2210 (2d ed. 1994).  In fact, some courts have even found a party is in control of documents if they have the practical ability to obtain them.  See e.g. Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 636 (D. Minn. 2000).

However, sometimes simply because a party can obtain documents does not mean that party controls the documents.  See Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1426-27 (7th Cir. 1993).  For example, a party may simply not have the ultimate control over a third party that has the documents.  In such a case, the proper vehicle then to obtain the discovery would be a subpoena.  See N.Y. ex rel. Boardman v. Nat'l R.R. Passenger, 233 F.R.D. 259, 268 (N.D.N.Y. 2006); Greene v. Sears, Roebuck & Co., 40 F.R.D. 14, 16 (N.D. Ohio 1966).

3

The Snyders argue that this situation is one where a subpoena is more appropriate because all of the documents are in the possession of third parties.  The Snyders rely on Chaveriat v. Williams Pipe Line Co. for the proposition that they did not need to make an effort to secure the documents because they are in the hands of third parties.  The 7th Circuit indicated that:

> the fact that a party could obtain a document if it tried hard enough and maybe if it didn't try hard at all does not mean that the document is in its possession, custody, or control; in fact it means the opposite.

11 F.3d at 1426-27.  Despite this language, Chaveriat does not absolve a party from making an effort to obtain documents in a third party's hands. Chaveriat simply re-enforced that there are some instances where a party is simply not in control of the documents when the documents are in a third party's hands.  Id. at 1426.  For example, in Chaveriat the producing party could have asked for the documents, or bought them, but it was a situation where the producing party had no legal control over the third party to compel production.[2]  Id.  There simply was no law, legal relationship, or other scenario that gave the producing party the right to control the third party. Id.  Put another way, the producing party could not tell the third party what to do.  The present situation is not like Chaveriat.

This Court is certain that the Snyders are in control of at least some of the documents Engel seeks.  For example, a number of courts have found that a party is in control of his or her tax returns because the party has the legal right to obtain them for a small fee.  See e.g. Tollefsen

---

[2]More specifically, the third party was a subcontractor who performed work for a subcontractor who was hired by a the plaintiff's contractor.  There was no contractual, agency, or other relationship between the plaintiff in Chaveriat and the second subcontractor.  Therefore, there was no basis for the plaintiff to exert control over that subcontractor.  11 F.3d at 1423, 1426-27.

v. Phillips, 16 F.R.D. 348, 348-49 (D.C. Mass. 1954); Reeves v. Pa. R.R., 80 F. Supp. 107, 109 (D.C. Del. 1948).  Also, the Snyders could possibly contact their bank to receive recent financial statements if the Snyders have a legal right to obtain those documents from their financial institution.  See La. Carpenters Reg'l Council v. Creech, 2006 WL 1968929 at 1 (E.D. La. 2006); Thomas v. Deloitte Consulting LP., 2004 WL 1372954 at 4 (N.D. Texas 2004)  In fact, the Snyders even admit that they must authorize either their financial institution or the Internal Revenue Service to release these documents (P.s Sur-Reply at 4).  The ability to legally order a third party to do something is the epitome of control.  See M.L.C., Inc. v. N. Am. Phillips Corp., 109 F.R.D. 134, 136 (D.C.N.Y. 1986).  Therefore, it appears that at least some of the documents Engel has requested are within the Snyders' control.  However, the bigger problem is not the extent of the Snyders' control over the requested documents, but their answer to Engel's requests.

Under Fed. R. Civ. P. 37(a)(3), an evasive response is treated as a failure to disclose. The Snyders response was, to say the least, evasive.  In their original response, the Snyders only indicated that "[t]he Defendant is not in possession of such documents."  This answer was the full and complete extent of the Snyders' response. The Snyders did not indicate that they made good faith attempts to obtain the documents Engel requested, and the Snyders did not address whether a third party was in ultimate control or possession of the documents.  Simply put, this Court cannot evaluate whether the Snyders control the requested documents based on their evasive answer to Engel's request.

In the Snyders' sur-reply, they argue that this answer is sufficient to convey to Engel that they neither possess nor control the requested documents.  This Court disagrees.  No reasonable

5

person could conclude the Snyders' answer to Engel's requests meant they not only did not possess the documents, but they also did not control them.  Because of the Snyders' brief and unclear response, not only could Engel not establish whether a third party was in control of the documents she requested, but she also could not determine what third party was in control of those documents.  Without such knowledge, Engel could not determine to what third party to issue a subpoena.  In fact, the Snyders' response was so vague that Engel could not even argue, let alone meet her burden, that the Snyders were in control of the documents rather than a third party.   See Hagemeyer N.A., Inc. v. Gateway Data Sciences Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004) (indicating requesting party must make adequate showing to overcome an assertion made by producing party that document or thing is not in existence or within its control). The brevity of the Snyders' response conveyed solely what it provided, that they did not possess the documents Engel requested.

Finally, this Court must address the Snyders argument that they cannot produce some of the items Engel seeks because those items do not exist in a tangible form.  Specifically, the Snyders argue that "addresses" are not a tangible thing or document.  The Snyders also contend that they cannot simply create a list of addresses for purposes of production if such an item does not exist.  The Snyders' argument is a clever manipulation of semantics, but it places form over substance.  While Engel may not have specifically requested any and all documents that reflect addresses of property owned by the Snyders, it is fairly obvious from the request that these are the documents that Engel seeks.  This Court has no doubts that some documents exist, either in the form of a deed or contract, that reflect the addresses of the property owned by the Snyders,

6

separately for each property if not in the form of a list.  While the Snyders are correct that Engel used imprecise language, their argument lacks merit in substance.

Consequently, Engel's motion is **GRANTED**.  The Snyders are **ORDERED** to make a good faith and reasonable effort to obtain and produce the documents that Engel seeks that are within their control.  If the Snyders do not control certain documents, then they shall notify Engel of that fact so that Engel may either issue a third party subpoena or file another motion with this Court to compel production.

  B. Engel's Request for Costs

Furthermore, pursuant to Fed. R. Civ. P. 37(a)(4)(A), this Court finds that an award of costs is appropriate.  This situation does not appear to be one where the Snyders have simply misunderstood their obligation under Fed. R. Civ. P. 34.  Instead, the Snyders have disregarded the clear language of Fed. R. Civ. P. 34 and longstanding precedent by failing to address whether they control the documents, failing to make an effort to determine if they control the documents, and deliberately providing the same evasive answer to all of Engel's requests.  The Snyders also have used semantic but unpersuasive arguments which place form over substance to avoid their discovery responsibilities.  Finally, Engel has been seeking this discovery for nearly a year, and the Snyders have continued to thwart her legitimate discovery requests.  In fact, the Snyders even failed to honor their obligation to comply with Engel's requests after they represented to this Court that compliance would be forthcoming.

The Snyders' actions have created undue delay in this litigation and caused Engel and her counsel to expend unnecessary time and money by bringing a second motion to compel.  Engel's motion for costs is **GRANTED** and the Court now grants Engel up till **August 6, 2007**, with

7

which to submit a bill of costs and attorney's fees associated with bringing her motion to compel.  The Snyders shall have **ten (10)** days following any submission of a bill of costs and fees by Engel to object.  This Court will then make an appropriate award pursuant to Fed. R. Civ. P. 37(a)(4)(A).

### III.   CONCLUSION

For the reasons stated, Engel's motion to compel and request for costs is **GRANTED** [Doc. No. 49].  This Court now grants Engel up till **August 6, 2007**, with which to submit a bill of costs and attorney's fees associated with bringing this motion.  The Snyders shall have **ten (10)** days following any submission of a bill of costs and fees by Engel to object.

**SO ORDERED.**

Dated this 6th Day of July, 2007.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge

8