UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHERYL ENGEL and | ) | |
| L.A. INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:06 CV 430 |
| | ) | |
| TOWN OF ROSELAND, | ) | |
| DAVID R. SNYDER in his individual | ) | |
| capacity and in his official capacity as | ) | |
| Vice-President of the Roseland Town | ) | |
| Council and as the Roseland Zoning | ) | |
| Commissioner, and | ) | |
| DOROTHY M. SNYDER, in her | ) | |
| individual capacity and in her official | ) | |
| capacity as President of the | ) | |
| Roseland Town Council, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

This matter is before the court on objections (DE # 61, # 62, # 67) filed pursuant to FED. R. CIV. P. 72(a) and LOCAL RULE 72.1 by defendants David R. Snyder and Dorothy M. Snyder (the Snyders) to Magistrate Judge Nuechterlein's order of July 6, 2007 (DE # 58), which granted plaintiffs' motion to compel and request for costs, and order of August 1, 2007 (DE # 66), approving and ordering payment of plaintiffs' amended bill of costs. This court should modify or set aside a Magistrate Judge's order only when it is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). This means a Magistrate Judge's order can be overruled "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

In a nutshell, plaintiffs made a request for production of documents on the Snyders pursuant to FED. R. CIV. P. 34. The request for production, as summarized by the Snyders, asked for copies of their tax returns, bank statements, deeds to properties they owned and a list of properties they owned. The Snyders' response to every request was exactly the same: "The Defendant is not in possession of such documents." Considering the arguments made on a fully-briefed motion to compel production, Magistrate Judge Nuechterlein found this response "was, to say the least, evasive," Order at 5 (DE # 58), because it failed to address whether any of the documents were under their control despite RULE 34 requiring production of documents in a party's possession *or* control. Finding it "certain" that the Snyders were "in control of at least some of the documents" sought, for example, their tax returns and bank statements, Id. at 4-5, Judge Nuechterlein ordered the Snyders "to make a good faith and reasonable effort to obtain and produce the documents . . . that are within their control," and granted plaintiffs' request for an award of the costs incurred in bringing the motion to compel. Id. at 8.

The Snyders argue that Magistrate Judge Nuechterlein erred in three principal ways. First, by finding their responses "evasive" for failing to address the element of control, when RULE 34 is not intended to allow a "fishing expedition" requiring a party to identify the third-party who might be in possession of a document. Second, by confusing the right to authorize production of a document with the right to order a third-party to produce the document, thereby expanding the meaning of possession and

2

control beyond existing Seventh Circuit precedent. Third, by requiring the Snyders to produce documents which simply do not exist in tangible form. The court finds the first two of these objections to be meritless. As to the third, the objection is sustained, but only on the narrow terms explained below.

The Snyders' first objection relies mainly on *Goldman v. Checker Taxi Co.*, 325 F.2d 853, 856 (7th Cir. 1963). The Snyders argue that as interpreted in *Goldman*, RULE 34 can only be used to force the production of what does exist in a party's possession, not to discover whether something might exist somewhere else, and therefore does not require a party to explain why he or she does not have certain documents or to identify the third-party who might have them. Thus, they argue that Magistrate Judge Nuechterlein erred in finding their "not in possession" answers evasive.

The court finds the Snyder's reliance on *Goldman* to be mistaken. In that case the plaintiff had requested production, among other things, of "trip sheets" for taxi drivers and defendant denied that they existed. Contrasting the situation with that in *Fisher v. United States Fid. & Guar. Co.*, 246 F.2d 344, 350 (7th Cir. 1957), where, at the time an order compelling production of an automobile was entered the automobile had already been sold to a third party, the *Goldman* panel stated: "Here defendant's business records are presumably under its 'possession, custody, or control.'" *Goldman*, 325 F.2d at 856 (citation omitted). In the present case, Judge Nuechterlein's conclusion that the Snyders' answers were evasive is based on a similar presumption: that the Snyders' tax returns and bank statements are under their control.

It is difficult to understand how this unremarkable presumption amounts to authorizing a fishing expedition to determine whether or not documents exist. More to the point, this judge simply does not read Magistrate Judge Nuechterlein's order the same as the Snyders. This judge fails to see where Judge Nuechterlein's order requires the Snyders to explain to plaintiffs the identity or identities of third parties who might be in possession of the documents they seek. Except for the award of costs, the relief ordered by Judge Nuechterlein, in its entirety, is in one paragraph:

> The Snyders are **ORDERED** to make a good faith and reasonable effort to obtain and produce the documents that Engel seeks that are within their control. If the Snyders do not control certain documents, then they shall notify Engel of that fact so that Engel either may issue a third party subpoena or file another motion with this court to compel production.

Order (DE # 58) at 7. In other words, because Magistrate Judge Nuechterlein presumed that the Snyders in fact are in control of some documents they have denied possession of, he simply ordered them to produce those documents and to specify exactly which documents they do not control.

That brings the court squarely to the Snyders' second objection: that Magistrate Judge Nuechterlein confused the ability to authorize production with the ability to control a third party, and therefore erroneously ordered them to produce documents being held by a third party they do not control. Here, the Snyders rely on *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420 (7th Cir. 1993)—as did Magistrate Judge Nuechterlein—in which the Court of Appeals held that RULE 34 did not require the

4

plaintiffs to produce chromatograms showing soil contamination which were in the hands of an unrelated third party, even though the circumstances indicated that the third party would have given the plaintiffs the chromatograms if it had simply been asked: "the fact that a party could obtain a document if it tried hard enough and maybe if it didn't try hard at all does not mean that the document is in its possession, custody, or control; in fact it means the opposite." *Chaveriat*, 11 F.3d at 1427.[1]

The Snyders argue that the district courts in the Seventh Circuit applying *Chaveriat* have held that "only when a party has direct control over a person in possession of a document, such as in a master-servant relationship, is a party in 'control' of a document such that the party 'possesses' a document pursuant to Rule 34." DE # 61 at 9. The Snyders' support for this proposition is as follows:

> *McBryar v. International Union of Implement Workers*, 160 F.R.D. 691 (S.D. Ind. 1993) (holding that an officer in a corporation in possession of documents meant that the corporation was also in possession for purposes of Rule 34 since the corporation held legal control over the officer); *In Re: Greenwood Air Crash*, 161 F.R.D. 387 (S.D. Ind. 1995) (where a party holds a legal fiduciary relationship with a third-party in possession of documents, the party has possession under Rule 34). *See, also, Burton Mechanical Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 237 (N.D. Ind. 1992) (the party seeking production bears the burden of

---

[1] Although it was not part of the holding in *Chaveriat*, it is interesting that the Court of Appeals noted with apparent disdain that while the party who was the target of the document request had, in response, voluntarily disclosed the identity of all third parties who might possess relevant documents—a step the Snyders resist here, see infra p. 12—the requesting party failed to make any use of that information. *Chaveriat*, 11 F.3d at 1426.

5

>establishing that the party to whom the request is directed has control over the production).

DE # 61 at 9. Thus the Snyders assert that it "nearly goes without saying that the Snyders do not control either the IRS nor their bank," Id. at 11 n. 1, and that their ability to *authorize* the IRS and their bank to release documents "is not the type of control required for production under Rule 34. *Chaveriat*, 11 F.3d at 1427." Id. at 11 n. 2.

While the Snyders' parenthetical descriptions of the fact-limited holdings in the cases cited are correct, nothing in those cases indicates that "control" under RULE 34, as interpreted in *Chaveriat*, is restricted only to circumstances where the party to the litigation directly controls the person or entity in possession of the document. In fact, two of the three cases recognize the broader, and correct proposition, that a party has control over a document amounting to possession for RULE 34 purposes when the party has a legal right to obtain the document. For example, *McBryar* quotes Wright & Miller with approval: "A party has control or custody of a document or thing when he 'has the legal right to obtain the document, even though in fact he has no copy.' 8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2210, p. 621 (1970)." *McBryar*, 160 F.R.D. at 695. Similarly, *Burton Mechanical Contractors* quotes *Bowman v. Consolidated Rail Corp.*, 110 F.R.D. 525, 526 (N.D. Ind. 1986): "'If the party to whom a request for production has been made has the legal right to obtain the documents sought to be produced, discovery can be had, even in the absence of actual possession."' *Burton Mechanical Contractors*, 148 F.R.D. at 236. *Burton Mechanical Contractors* even goes so far as to note that "[s]ome

courts have also inferred the requisite control over documents where the existence of a close relationship between the party receiving the request and the non-party has been established." *Id*.

This court does not read *Chaveriat* to require a degree of control tantamount to a master-servant relationship before RULE 34 requires production. In *Chaveriat* the soil chromatograms at issue had been prepared by, and were in the possession of, NET Midwest, the sub-contractor of a subcontractor of the contractor who the party subject to production had retained to remedy contaminated soil. *Chaveriat*, 11 F.3d at 1423. In this circumstance, the Court of Appeals noted that the party "could not order" NET Midwest to surrender the chromatograms, *Id*. at 1426, but that simply does not address what would have been the case if the party had contracted directly with NET Midwest to prepare the chromatograms, and had a contractual right to them. As authority that NET Midwest could not be ordered to produce the chromatograms, the Court of Appeals cited *Searock v. Stripling*, 736 F.2d 650, 653-54 (11th Cir. 1984), which itself states: "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock*, 736 F.2d at 653.

A party can have a legal right to obtain documents from another person or entity that the party does not otherwise control. Thus, as recognized in the cases cited by Magistrate Judge Nuechterlein, because a party has a statutory right to inspect his or her own tax returns, see 26 U.S.C. § 6103(e)(1)(A)(i), and when, as is most likely the case, a person has a contractual right to obtain copies of his or her bank statements, the

7

party is in control of those documents and must produce them in response to a request under RULE 34. *See Tollefsen v. Phillips*, 16 F.R.D. 348, 349 (D. Mass. 1954) (tax returns); *Thomas v. Deloitte Consulting L.P.*, 2004 WL 1372954, *4 (N.D. Tex. 2004) (bank statements).

In short, Magistrate Judge Nuechterlein did not confuse authorization—in the sense of permission—with control, and thereby expand the meaning of possession beyond Seventh Circuit precedent as the Snyders assert. He simply recognized, consistent with the authority cited by the Snyders and which this judge found and reviewed preparing this order, that when a party has a right to obtain a copy of a document, it controls that document and must produce it when requested to do so under Rule 34.[2]

The Snyders third argument is that Magistrate Judge Nuechterlein erred by rewriting the plaintiffs' production requests which asked the Snyders to produce intangible, non-existent items, in effect requiring them to guess at what the plaintiffs might actually be requesting. Although the argument is phrased broadly, the Snyders are actually objecting to one paragraph of Magistrate Judge Nuechterlein's order, which addressed one request for production made in identical language on both of the

---

[2] The court notes that the Snyders have in fact objected that they have "no legal right to force" their bank to produce copies of bank statements. As the court understands their argument, however, this assertion is based on the fact that the bank is not their wholly-controlled agent or subsidiary. Should the Snyders be able to show the court that their deposit agreement with their bank does not give them a right to obtain copies of their bank statements, the court would revisit this ruling.

Snyders. Item 5 in plaintiffs' Rule 34 request was for "[a]ddresses of al [sic] property or business owned in whole or in part by any Snyder in the Town of Roseland."

In response to plaintiffs' motion to compel, the Snyders argued that they possessed no list of addresses of all property they owned, and should not be compelled to prepare such a list. Judge Nuechterlein's disposition of this issue was as follows:

> Finally, this Court must address the Snyders argument that they cannot produce some of the items Engel seeks because those items do not exist in a tangible form. Specifically, the Snyders argue that "addresses" are not a tangible thing or document. The Snyders also contend that they cannot simply create a list of addresses for purposes of production if such an item does not exist. The Snyders' argument is a clever manipulation of semantics, but it places form over substance. While Engel may not have specifically requested any and all documents that reflect addresses of property owned by the Snyders, it is fairly obvious from the request that these are the documents that Engel seeks. This Court has no doubts that some documents exist, either in the form of a deed or contract, that reflect the addresses of the property owned by the Snyders, separately for each property if not in the form of a list. While the Snyders are correct that Engel used imprecise language, their argument lacks merit in substance.

Now, in their objection to Magistrate Judge Nuechterlein's order, the Snyders argue that "addresses," in and of themselves are not tangible, that they possess no list of addresses, that the plaintiffs' request was *not* for "documents reflecting addresses," and, should the order stand, they will "be required to speculate what a requesting party is really seeking when the requesting party uses imprecise language as the Magistrate's Order acknowledges was used here." DE # 61 at 14.

9

The court notes that item 2 of the request for production made on both Snyders did ask for copies of "deeds, sale contracts, or other documents evidencing purchases of land or other property by either David Snyder or Dorothy Snyder, or by companies under their direction and control, from January 1, 2003, to the present." In addition, plaintiffs could easily ask the Snyders to specify addresses of all property they own in written interrogatories. Therefore, solely as to item 5 in the request for production made upon the Snyders and the subject of plaintiffs' second motion to compel, the Snyders' objection to Judge Nuechterlein's order is sustained. The Snyders are not required to produce "any and all documents that reflect addresses of property owned," unless such documents are otherwise within the scope of plaintiffs' request for production, such as in item 2.[3]

Finally, the Snyders objected to Magistrate Judge Nuechterlein's award of the costs incurred in bringing the motion to compel, for two principal reasons.[4] First,

---

[3] It should be noted, however, that the Snyders reiterate throughout their objections that they have no duty to "create" documents for plaintiffs, only to produce what already exists and is in their custody or control. The court reminds the Snyders that documents which are stored electronically or in some other medium are in existence. *See* FED R. CIV. P. 34(a). If the Snyders simply need to print documents which may be stored on a computer within their control, that is not "creating" documents for production.

[4] The Snyders also objected that plaintiffs had included in their original bill of costs, in the amount of $3,075.00, work done on plaintiffs' first motion to compel, which was denied as moot. In response, plaintiffs more or less agreed and filed an amended request for costs (DE # 63) in the amount of $1975.00. Although the Snyders object (DE # 67) in general to Magistrate Judge Nuechterlein's order (DE #67) taxing costs in that amount, they no longer object to the computation itself.

because their response to the plaintiffs' requests was made in good faith reliance on *Chaveriat*, even if it should turn out (as it did) that their understanding of the case was incorrect; and second, that contrary to Judge Nuechterlein's finding that they have "thwarted" the plaintiffs' discovery efforts, the record indicates that they have attempted to resolve the discovery issues, including by giving plaintiffs written authorizations, but plaintiffs have spurned those efforts.

The Snyders' primary objection is that, contrary to Magistrate Judge Nuechterlein's findings:

> [T]he Snyders responded in good faith, even if it were erroneous, based upon the rule as explained in <u>Chaveriat</u> and other district Court opinions that they were required to produce only what was in their possession and were not required to obtain items which were in the possession of persons or entities not within their control. Since the Snyders have no legal right to force the IRS or their bank to produce the documents requested, they responded as they did. Moreover, a response that a party is "not in possession" of the documents requested necessarily means, that the party is not in control of the documents.

DE # 67 at 15; *see also* DE # at 14-15. This is essentially a "pure heart, empty head" defense, and is simply not relevant. FED. R. CIV. P. 37(a)(4)(A) provides that if a motion to compel discovery is granted, the court "shall" require the party whose conduct necessitated the motion to pay the other party's "reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that . . . the opposing party's nondisclosure . . . was substantially justified or that other circumstances make an award of expenses unjust."

Thus, Rule 37(a) is a fee-shifting rule, and the loser must pay unless it demonstrates that its position was "substantially justified." See *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994). As explained above, the Snyders' reliance on *Chaveriat* and failure to appreciate that their right to obtain copies of documents equates to custody and control was not objectively reasonable. Their misunderstanding of the relevant legal principles does not make their position one that is "substantially justified" and is not a reason to deny plaintiffs' costs incurred in bringing a motion under RULE 37.

The Snyders' other argument is that, rather than "thwarting" plaintiffs' discovery attempts, they have "tried to work out this issue" and have even "offered to give the Plaintiffs signed authorizations in order for them to obtain the documents Plaintiffs seek." DE # 67 at 17; see also DE # 61 at 16. The only evidence provided to support this argument is a letter written to plaintiffs' counsel dated June 20, 2007 (ex. A to DE # 56)—*after*[5] plaintiffs' motion to compel was filed—in which the Snyders, through counsel, demand that plaintiffs provide authorizations, for the Snyders' signatures, that specifically identify the institutions from which the plaintiffs want documents. In their objections to Magistrate Judge Nuechterlein's orders, the Snyders reiterate that they have no duty to voluntarily disclose to plaintiffs the persons or institutions in

---

[5] RULE 37(a)(4)(A) provides that costs should be awarded if the requested discovery is provided after the motion is filed.

possession of those documents. *See, e.g.*, DE # 61 at 7 ("Rule 34 does not require a party . . . to advise a requesting party how to find . . . a document.")

This is not exactly as generous an offer as is suggested by the Snyders' argument that they have tried to "work out this issue," and it does not absolve the Snyders of their duty to provide copies of documents which are within their control, such as their tax returns and bank statements. Thus, the Snyders have not shown circumstances which make an award of expenses unjust.

In conclusion, the Snyders objections to Magistrate Judge Nuechterlein's orders are **OVERRULED**, except that the Snyders are not, in response to item 5 of the plaintiff' request for production, required to produce "any and all documents that reflect addresses of property owned" unless such documents are otherwise within the scope of plaintiffs' request for production. Plaintiffs are awarded the expenses incurred in bringing their motion, $1975.00. This award of costs will remain interlocutory until the conclusion of this action, at which time a final judgment in plaintiffs' favor and against the Snyders for that amount will be entered, unless the parties resolve this action themselves and specifically advise the court that a judgment should not be entered.

**SO ORDERED.**

Enter: October 1, 2007

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT